******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## TOWN OF BROOKFIELD *v.* HOLLENE GOHN
### (AC 46897)

Clark, Seeley and Harper, Js.

*Syllabus*

The defendant appealed from the judgment of the trial court granting injunctive relief in favor of the plaintiffs, the town of Brookfield and its zoning enforcement officer. On appeal, the defendant made various claims that the trial court erred by enjoining her from violating certain of the Brookfield Zoning Regulations. *Held*:

This court thoroughly reviewed the claims raised by the defendant and concluded that they lacked merit.

Submitted on briefs September 12—officially released October 8, 2024

*Procedural History*

Action seeking, inter alia, a permanent injunction compelling the defendant to bring her property into compliance with certain of the plaintiff's zoning regulations, and for other relief, brought to the Superior Court in the judicial district of Danbury, where the court, *Brazzel-Massaro, J.*, granted in part the plaintiff's motion to cite in additional parties; thereafter, Francis W. Lollie was added as a party plaintiff; subsequently, the matter was tried to the court, *Medina, J.*; judgment for the plaintiffs, from which the defendant appealed to this court. *Affirmed.*

*Hollene Gohn*, self-represented, submitted a brief as the appellant (defendant).

*Barbara M. Schellenberg*, submitted a brief for the appellees (plaintiffs).

*Opinion*

PER CURIAM. The self-represented defendant, Hollene Gohn, appeals from the judgment of the trial court granting injunctive relief in favor of the plaintiffs, the town of Brookfield (town) and Francis W. Lollie, the town's zoning enforcement officer.[1] On appeal, it appears

---

[1] This action originally was commenced by the town only. On July 22, 2022, the town filed a motion to cite in additional parties in which it sought,

that the defendant is claiming that by enjoining her from violating certain of the Brookfield Zoning Regulations (zoning regulations), the court erred by (1) incorrectly interpreting the applicable regulatory provisions, (2) violating her constitutional rights to due process and equal protection, (3) holding an evidentiary hearing after the close of trial, (4) granting the relief sought by the plaintiffs despite insufficient evidence, and (5) failing to render its decision within 120 days. We are not persuaded by the defendant's claims and, accordingly, affirm the judgment of the court.

The record reveals the following relevant facts and procedural history. The defendant resides at a property that she owns in a residentially zoned area of the town, where she and her husband operate a landscaping business. The underlying dispute arose out of a neighbor's complaint filed with the town's land use office concerning construction equipment and vehicles that were being stored on the defendant's property. Lollie investigated potential zoning violations by the defendant following receipt of the complaint and, during his investigation, observed and photographed equipment and vehicles related to the defendant's landscaping business in the front of the property, as well as vehicles parked outside of designated driveway areas. Lollie subsequently issued a notice of a zoning violation dated March 25, 2021, alleging that the defendant was impermissibly using her property as a "contractor's yard,"[2]

_____

inter alia, to add Lollie as a plaintiff in this matter. The court granted the motion, as it pertained to Lollie, on August 23, 2022.

[2] Specifically, the notice alleged that the defendant was "running a [contractor's] yard from the property . . . which is a violation of [the zoning regulations] and is not a permitted use in a [r]esidential [z]one," and notified her that "any and all contractor's equipment should be removed promptly." The notice also informed her that "the parking of vehicles needs to be within the designated driveways."

The term "contractor's yard" is defined in article 2 of the zoning regulations as follows: "A commercially or industrially zoned lot, with or without support structures and buildings, limited to the storage and maintenance of equipment commonly used in the construction industry, including but not neces-

notifying her that the vehicles needed to be parked in designated driveway areas, and giving her until April 5, 2021, to bring the property into compliance with the zoning regulations.

Because the defendant did not bring the property into compliance or respond to the notice, Lollie investigated further on April 7, 2021. On that date, he observed and photographed construction equipment and vehicles that were being stored at the defendant's property, as well as other vehicles that were parked outside of designated driveway areas. Lollie subsequently issued a cease and desist order to the defendant, which was delivered to her residence on April 14, 2021, ordering the defendant to bring the property into compliance with the zoning regulations. The defendant continued not to bring the property into compliance or to respond and, on April 11 and 16, 2021, additional complaints of the same nature as the first regarding the defendant's property were received by the town's land use office. On April 26, 2021, Lollie sent a letter to the defendant, notifying her that the town's zoning commission was giving her until May 26, 2021, to remove all commercial equipment from the property or risk further enforcement. The defendant's noncompliance and unresponsiveness continued, resulting in Lollie issuing another cease and desist order to the defendant on August 9, 2021. On September 17, 2021, he issued her a citation which alleged violations of §§ 4.2 (A)[3] and 6.12 (B) (1) (e)[4] of

_____

sarily limited to dump trucks, bucket loaders, excavators, bulldozers, and the like. The lot may also store construction materials acquired in anticipation of their use at remote locations." Brookfield Zoning Regs., art. 2, § 2.2.

[3] Section 4.2 of the zoning regulations is titled, "Permitted Uses," and provides a table specifying that a "contractor's yard" is permitted only in commercial and industrial zones. Brookfield Zoning Regs., art. 4, § 4.2 (A) (11).

[4] Section 6.12 of the zoning regulations is titled, "Neighborhood Anti-Blight," and provides in relevant part: "(B) (1) Unless otherwise determined by the [Zoning] Commission, uses, items, or materials to be specifically prohibited from placement within any residential front yard are . . . (e)

the zoning regulations and assessed a $150 fine against the defendant. The defendant, during a subsequent phone call with Lollie, responded by referring to him as "the devil," and alleging that he was biased against her based on their contacts during a prior zoning dispute in Danbury.[5] She did not, however, otherwise appeal, act on the citation or pay the fine. From December 8, 2021, to June 8, 2022, Lollie periodically investigated the defendant's property and continued to find that the defendant was in violation of the zoning regulations.

In between Lollie's periodic investigations, counsel for the plaintiffs sent a letter to the defendant dated January 28, 2022, demanding that she bring her property into compliance with the zoning regulations by February 27, 2022, or a lawsuit would be commenced against her seeking court enforcement of the zoning regulations, along with fines, penalties, attorney's fees and costs. The defendant's property was not brought into compliance, and the town brought an action against the defendant by way of a verified complaint filed on April 18, 2022, which later was amended on July 22, 2022, to include Lollie as a plaintiff. In their amended complaint, the plaintiffs sought injunctive relief and civil penalties pursuant to General Statutes § 8-12[6] due

The parking of any vehicle except within the designated driveways and turn-arounds. . . ." Brookfield Zoning Regs., art. 6, § 6.12 (B) (1) (e).

[5] As to this prior zoning dispute, Lollie testified that "long ago," while he was employed as an "[Assistant] Construction Manager, Permit Inspector, for the city of Danbury," he had issued citations to the defendant and her husband for "cut[ting] an illegal driveway in . . . their property without a permit," having an illegal fence on their property, and having a "landscaping contractor's yard also." He further testified that he was one of the plaintiffs in a subsequent zoning enforcement lawsuit filed by the city of Danbury against the defendant and her husband.

[6] General Statutes § 8-12 provides in relevant part: "If . . . any building, structure or land has been used, in violation of any provision . . . of any bylaw, ordinance, rule or regulation made under authority conferred [by chapter 124 of title 8 of the General Statutes], any official having jurisdiction, in addition to other remedies, may institute an action or proceeding to prevent such . . . use or to restrain, correct or abate such violation or . . . to prevent any illegal act, conduct, business or use in or about such premises.

to the defendant's failure to comply with certain zoning regulations, to wit, articles 4 and 6, specifically, §§ 4.2 and 6.12 (B) (1) (e), of the zoning regulations. The basis of these violations was the defendant's storage of vehicles and equipment used for the landscaping business in the front of her property, and her parking of vehicles on the property outside of designated driveway areas. The defendant filed an answer in which she raised sixty-seven special defenses.

At the court trial held on September 8 and November 18, 2022, the plaintiffs were represented by counsel and the defendant appeared in a self-represented capacity. The court heard testimony from three witnesses: the defendant, Lollie and Courtney George, an attorney employed by counsel for the plaintiffs. The defendant extensively cross-examined Lollie. The court, *Medina, J.*, issued an order on March 17, 2023, for a supplemental evidentiary hearing to be held for the purpose of affording the parties an opportunity to enter the zoning

Such regulations shall be enforced by the officer or official board or authority designated therein, who shall be authorized to cause any building, structure, place or premises to be inspected and examined and to order in writing the remedying of any condition found to exist therein or thereon in violation of any provision of the regulations made under authority of the provisions of this chapter . . . . The owner or agent of any building or premises where a violation of any provision of such regulations has been committed or exists . . . who commits, takes part or assists in any such violation or who maintains any building or premises in which any such violation exists, shall be fined not less than ten dollars or more than one hundred dollars for each day that such violation continues; but, if the offense is wilful, the person convicted thereof shall be fined not less than one hundred dollars or more than two hundred fifty dollars for each day that such violation continues . . . . Any person who, having been served with an order to discontinue any such violation, fails to comply with such order within ten days after such service . . . or continues to violate any provision of the regulations made under authority of the provisions of this chapter specified in such order shall be subject to a civil penalty not to exceed two thousand five hundred dollars . . . . If the court renders judgment for such municipality and finds that the violation was wilful, the court shall allow such municipality its costs, together with reasonable attorney's fees to be taxed by the court. . . ."

regulations into evidence in full, which neither party had done previously. The defendant filed an objection to the court's order, which the court overruled on April 19, 2023, and the supplemental evidentiary hearing was held on April 20, 2023.

On August 18, 2023, the court issued a memorandum of decision granting a permanent injunction and enjoining the defendant from continuing to violate §§ 4.2 and 6.12 (B) (1) (e) of the zoning regulations. Further, the court ordered the defendant "to cure all existing violations of [§§ 4.2 and 6.12 (B) (1) (e) of the zoning regulations] by no later than September 25, 2023." The court also denied the defendant's special defenses[7] and deferred ruling on the damages requested by the plaintiffs until after a hearing could be held on the issue. This appeal followed.

The defendant's appeal raises a number of claims. We have thoroughly reviewed the claims raised on appeal and conclude that they lack merit.

The judgment is affirmed.

———————————————

[7] The court determined that: "Many of [the special defenses] are not defenses but evidentiary claims or attacks on [Lollie]. Utilizing a generous definition of a 'special defense' this court considers paragraph numbers [two, four, eighteen, twenty-seven, thirty, thirty-one, forty-four] and [fifty-two] as containing sufficient substance to be construed, in a light most favorable to [the] defendant as a defense. As to each and every one of those defenses, this court finds the defendant failed to satisfy her burden of proof." Furthermore, the court "found no evidence to support [the defendant's] accusation" that Lollie was biased against her due to his involvement in a prior zoning action in Danbury.